UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| JOHN G. ATWATER, M.D., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| MCLEAN COUNTY ORTHOPEDICS, | ) |
| LTD., an Illinois Corporation, JOSEPH A. | ) |
| NOVOTNY, M.D., CRAIG W. | ) |
| CARMICHAEL, M.D., MARK HANSON, | )  Case No. 1:16-cv-01217-SLD-JEH |
| M.D. JEROME W. OAKEY, M.D., JOSEPH | ) |
| B. NORRIS, M.D., and JOSEPH | ) |
| NEWCOMER, M.D., | ) |
| | ) |
| Defendants. | ) |
| | ) |

## ORDER

Before the Court is Defendants' motion to dismiss the Second Amended Complaint for failure to state a claim, ECF No. 26. For the following reasons, the motion is GRANTED. Additionally, an earlier version of Defendants' motion to dismiss, ECF No. 18, and Plaintiff Atwater's motion for an extension of time to respond to that motion, ECF No. 21, are still pending. They are MOOT.

## BACKGROUND[1]

Atwater is an orthopedic surgeon and Florida citizen. He began working for Defendant McLean County Orthopedics ("MCO"), an Illinois corporation, on October 1, 2001. He was also a shareholder, and sat on MCO's board of directors. Resp. Mot. Dismiss 2, ECF No. 29. On September 30, 2014, he terminated his employment with MCO. On June 16, 2016, he sued

---

[1] In a motion to dismiss, all well-pleaded allegations in the complaint are taken as true and viewed in the light most favorable to the plaintiff. *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 934 (7th Cir. 2012) (citation omitted). Accordingly, the material set forth here is, unless otherwise noted, based on allegations in the Second Amended Complaint, ECF No. 24.

MCO and the other named defendants, all themselves physicians and directors on MCO's board of directors, and Illinois citizens, in this Court under the diversity jurisdiction, alleging that he had not been paid enough when he quit.  Compl., ECF No. 2.  After a motion to dismiss followed by a voluntary amendment of the Complaint, Defendants again moved to dismiss the second count of the new complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  This motion is now before the Court.

## DISCUSSION

### I.     Legal Standard on a Motion to Dismiss Under Rule 12(b)(6)

In reviewing a motion to dismiss, a court must accept as true all well-pleaded facts in the complaint, and draw all reasonable inferences in favor of the plaintiff.  *Scanlan v. Eisenberg*, 669 F.3d 838, 841 (7th Cir. 2012).  A court will dismiss a complaint if it fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  In determining whether such a claim has been stated, a court should first identify pleadings that "because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  It should then take the remaining, well-pleaded factual allegations, "assume their veracity[,] and . . . determine whether they plausibly give rise to an entitlement to relief." *Id*.  This means that a complaint must provide "allegations that raise a right to relief above the speculative level." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008).

### II.    Discussion

Atwater's Complaint, as currently drafted, contains two counts:  (I) a breach of contract claim against MCO only, alleging that MCO breached two separate contracts—a stock purchase agreement and an employment agreement—when it failed to redeem shares he owned in MCO and failed to pay him enough when he quit, Second Am. Compl. ¶¶ 8–13; and (II) a breach of

fiduciary duty claim against all other defendants ("the physician defendants") alleging that they breached duties of loyalty, care, and fair dealing that they owed Atwater by "among other things" deviating from their ordinary accounting practices in failing to pay Atwater enough and also (possibly) failing to buy his stock from him when he quit, *id.* ¶¶ 14–19.  Defendants now move to dismiss the second Count, arguing that it is duplicative of the first Count, Mem. Supp. Mot. Dismiss 4–10, ECF No. 27, and that it fails adequately to allege a breach of fiduciary duty, *id.* 10–16.  Atwater responds that the claim is not duplicative because the physician defendants' duties to him did not arise from any particular contractual obligation, Resp. Mot. Dismiss 4–6, and is clearly made out, *id* at 2–4.

    a.  **Redundancy of Count II**

Counts of a complaint that duplicate another count can be dismissed.  *See DeGeer v. Gillis*, 707 F. Supp. 2d 784, 795 (N.D. Ill. 2010) (collecting cases).  The theory behind dismissal of duplicative counts is not that the second, duplicative claim cannot be brought at all; rather, that it has already been brought in the form of the first-pleaded claim, and thus need not be made out again under a different title.  *See Dahlin v. Jenner & Block, L.L.C.*, No. 01 C 1725, 2001 WL 855419, at *9 (N.D. Ill. July 26, 2001) (explaining that counts that "mirror" or "are identical" to other claims can properly be dismissed).  Thus, by hypothesis, dismissal of a duplicative count will not limit the nature or extent of a plaintiff's requested relief, or the parties against whom he may recover.  Such a dismissal bears a similarity to the court's power, sua sponte or on motion, to strike "redundant, immaterial, impertinent, or scandalous matter" from a pleading under Federal Rule of Civil Procedure 12(f).  Unsurprisingly, in determining whether a count is duplicative, district courts have looked at whether the "operative facts" alleged to support each count are the same, *Kirkland & Ellis v. CMI Corp.*, No. 95 C 7457, 1996 WL 559951, at *9

(N.D.Ill. Sept. 30, 1996); *DeGeer*, 707 F. Supp. 2d at 795; whether the elements of the alleged violations are the same, *Freedom Mortg. Corp. v. Burnham Mortg., Inc.*, 720 F. Supp. 2d 978, 992 (N.D. Ill. 2010); and whether the relief sought is the same, *Lynch v. Three Hammer Const., Inc.*, No. 89 C 20071, 1990 WL 304248, at *3 (N.D. Ill. May 9, 1990).

Defendants argue that Atwater has alleged the same set of operative facts in both Counts, because both Counts claim that MCO failed to pay Atwater what he was owed under the two contracts at issue. It is true, as Defendants argue, that Atwater seems to allege in both counts that he was not paid enough, and perhaps that stock was not bought from him that MCO was contractually obligated to buy. But the operative facts behind each claim are distinct. A breach of contract claim under Illinois law, which governs this contract, requires that Atwater show "(1) the existence of a contract between himself and the [defendant]; (2) that he performed his obligations under the contract; (3) that the [defendant] breached the contract; and (4) that he sustained damages as a result of the defendant['s] breach." *DeGeer*, 707 F. Supp. 2d at 794. To support his breach claim in Count I, Atwater alleges that he and MCO entered into a stock purchase agreement and an employment agreement, that he fulfilled the requirements of these contracts, that MCO breached by failing to pay him what he was owed, and that he was injured by not being paid. To make out the breach of fiduciary duty claim in Count II, by contrast, Atwater must allege "(1) a fiduciary duty on the part of the defendant[s], (2) a breach of that duty, (3) an injury, and (4) a proximate cause between the breach and the injury." *Alpha School Bus Co., Inc. v. Wagner*, 910 N.E.2d 1134, 1158 (Ill. App. Ct. 2009). The injury allegedly suffered may well be the same, but the fiduciary duty owed by the physician defendants, whether by virtue of their being directors or being shareholders (for a discussion of which distinction, see below), rests on a different set of facts than the existence or non-existence of contracts between

Atwater and MCO. So too, the operative facts necessary to show that MCO failed to live up to its contractual obligations by failing to pay Atwater are different than those necessary to show that various directors or shareholders owed Atwater, as a director or shareholder himself, certain obligations, of which nonpayment of contractually-required money was a breach.

The cases Defendants cite in which a duplicative count was dismissed differ from the instant case in that the defendants named in both counts were in all these cases identical. *See DeGeer*, 707 F. Supp. 2d at 795–96 (dismissing breach of fiduciary duty claim against defendants because duplicative of a breach of contract claim against same defendants); *Nettleton v. Stogsdill*, 899 N.E.2d 1252, 1269 (Ill. App. Ct. 2008) (affirming dismissal of duplicative breach of contract and legal malpractice claims against same defendants); *Calderon v. Sw. Bell Mobile Sys., LLC*, No. 02 C 9134, 2003 WL 22340175, at *6 (N.D. Ill. Oct. 10, 2003) (dismissing duplicative breach of fiduciary duty claim against single defendant); *Dahlin*, 2001 WL 855419 at *9–10 (dismissing duplicative breach of fiduciary duty claims against same defendants). The identity of the defendants is part of what made the claims in those cases materially identical. Defendants' claim that the non-identity of defendants in Atwater's two Counts is a "distinction without a difference" is thus exactly wrong—it is one of the distinctions that makes the difference in this case, because Atwater alleges breach of contract against the party with which he had a contract, MCO, and breach of fiduciary duty against parties with whom he did not have a contract but, he alleges, owed him duties springing from separate, non-contractual relationships to him.

Count I and Count II of the Second Amended Complaint are not duplicative, and need not be dismissed on that ground.

    b. **Count II's Failure to State a Claim**

Defendants argue that even if Count II is not duplicative, it fails to state a claim upon which relief can be granted because it does not allege sufficient facts to infer that the physician defendants owed Atwater a duty of care. Mem. Supp. Mot. Dismiss 10. Defendants point particularly to Atwater's allegation that the physician defendants owed a duty "by virtue of their positions," *id.*, a statement upon which Atwater's pleading does not elaborate. Atwater does nothing more than this to allege the existence of a duty, Defendants argue. And indeed, that allegation is the only one in the Second Amended Complaint the Court can discover that explains why the physician defendants are supposed to have owed Atwater any duty they could have breached.

The Court agrees that Atwater's bare assertion that "[t]he MCO Director Defendants, by virtue of their positions, owed fiduciary duties . . . ." is insufficient, as it stands, to make out a claim for breach of fiduciary duty. The statement is a bare legal conclusion not entitled to the assumption of truth, *Iqbal*, 556 U.S. at 679, joined to a statement so vague as to provide Defendants with no notice how they are supposed to have owed Atwater fiduciary duties, or what kind of duties they may have been.

The consequences of this vagueness are on full display in the parties' briefing in this matter. Assuming that Atwater means they owed him a duty by virtue of their positions on MCO's board of directors, the physician defendants argue at length that they could not have breached such a duty to him, and in the alternative that they cannot determine from the pleading what kinds of actions, as directors, they are supposed to have taken. Mem. Supp. Mot. Dismiss 13–15. Atwater, for his part, does not respond to these arguments at all, maintaining for the first time in his response to the motion that MCO is a close corporation, and that shareholders in such corporations owe each other duties of loyalty. Resp. Mot. Dismiss 2–4. That might be a

6

sufficient factual basis, if alleged as part of a complaint, upon which to bring claim for breach of fiduciary duty, but it is not what Atwater has pleaded, and not what Defendants were given to respond to.  Rule 8(a)'s requirement for specificity in pleading, namely that a plaintiff provide "a short and plain statement of the claim showing that [he] is entitled to relief," is not onerous, but it does demand that a claim "[put] the defendant on notice of the plaintiff's claims . . . ." *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011).  Atwater's claim plainly fails to do so, and must be dismissed.

This dismissal is without prejudice.  Atwater's response to the motion to dismiss indicates that he believes he has a basis to bring his claim resting in the fiduciary duties shareholders of close corporations in Illinois owe to each other.  If he wishes to bring such a claim in an amended complaint, he may do so, thereby giving Defendants an opportunity to respond appropriately.

## CONCLUSION

Accordingly, Defendants' Motion to Dismiss, ECF No. 26, is GRANTED, and Count II of Plaintiff Atwater's Second Amended Complaint, ECF No. 24, is DISMISSED WITHOUT PREJUDICE.  Defendants' earlier motion to dismiss, ECF No. 18, and Plaintiff Atwater's motion for an extension of time to respond to that motion, ECF No. 21, are MOOT.  If Atwater wishes to amend his complaint as specified herein, he should do so by January 12, 2017.

Entered this 22nd day of December, 2016.

s/ Sara Darrow<br>
SARA DARROW<br>
UNITED STATES DISTRICT JUDGE