UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| JOHN G. ATWATER, M.D., | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| MCLEAN COUNTY ORTHOPEDICS, LTD., an Illinois Corporation, JOSEPH A. NOVOTNY, M.D., CRAIG W. CARMICHAEL, M.D., MARK HANSON, M.D. JEROME W. OAKEY, M.D., JOSEPH B. NORRIS, M.D., and JOSEPH NEWCOMER, M.D., | ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

Case No. 1:16-cv-01217-SLD-JEH

## ORDER

Before the Court is Defendants' motion to dismiss the second count of the amended complaint for failure to state a claim. ECF No. 35. For the following reasons, the motion is DENIED.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY[1]

Plaintiff Atwater, an orthopedic surgeon, began working for Defendant McLean County Orthopedics ("MCO") on October 1, 2001. MCO is a closely held Illinois corporation, whose directors are the other named physician defendants. Atwater too became a director when he began working there. *See* Shareholders' Agr., Third Am. Compl. Ex. C, ECF No. 32-3. Along with becoming a director, he bought 12 of the company's 60 shares. *See* Stock Purchase Agreement, Third Am. Compl. Ex. A, ECF No. 32-1. His employment contract specified that,

---

[1] In a motion to dismiss, all well-pleaded allegations in the complaint are taken as true and viewed in the light most favorable to the plaintiff. *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 934 (7th Cir. 2012) (citation omitted). Accordingly, the material set forth here is, unless otherwise noted, based on allegations in the Third Amended Complaint, ECF No. 32.

1

upon leaving, he would receive a severance payment based on MCO's accounts receivable. Employment Agr. 5–6, Third Am. Comp. Ex. B, ECF No. 32-2. A shareholders' agreement, separately executed between Atwater and the named defendants, provided that MCO would also buy back his shares when he left. Shareholders' Agr. 2.

13 years later, on September 30, 2014, Atwater quit. However, MCO didn't buy back his shares or pay him all of the agreed severance. He brought suit in this Court on June 16, 2016, Compl., ECF No. 2, alleging (I) that MCO breached both the employment contract and the shareholders' agreement by not buying back his shares and "failing to pay all compensation" owed as a severance payment, Compl. 2–3; and (II) that the individually named defendants breached a fiduciary duty they owed Atwater as a fellow shareholder and director by the same conduct, namely, not buying back his shares or paying him all of the severance, *id.* at 3–4. Atwater amended his complaint, without bringing any new claims. ECF No. 5. Defendants then moved to dismiss Count II, the breach of fiduciary duty claim against the individual defendants, on the ground that it was duplicative of the breach of contract claim against MCO, and, in the alternative, that it failed to allege Count II with sufficient particularity. Mem. Supp. Mot. Dismiss 4–14, ECF No. 19.[2] The Court rejected the first argument, finding that the breach of contract and breach of fiduciary duty claims were distinct from each other, but granted the motion to dismiss Count II because, as pleaded, it laid out no factual basis for its allegation that the individual defendants owed Atwater a fiduciary duty. Dec. 22, 2016 Order 3–7, ECF No. 31. Atwater filed another amended complaint, ECF No. 32, which is the object of the current motion to dismiss.

## DISCUSSION

---

[2] Atwater at first moved to amend the complaint again. *See* Fed. R. Civ. P. 15(a)(1)(B). However, the next amended complaint, ECF No. 24, drew another motion to dismiss on exactly the same grounds, ECF No. 26. The Court's order addressed itself to these latter documents.

I.  **Legal Standard on a Motion to Dismiss**

In reviewing a motion to dismiss, a court must accept as true all well-pleaded facts in the complaint, and draw all reasonable inferences in favor of the plaintiff. *Scanlan v. Eisenberg*, 669 F.3d 838, 841 (7th Cir. 2012). A court will dismiss a complaint if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In determining whether such a claim has been stated, a court should first identify pleadings that "because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). It should then take the remaining, well-pleaded factual allegations, "assume their veracity[,] and . . . determine whether they plausibly give rise to an entitlement to relief." *Id.* This means that a complaint must provide "allegations that raise a right to relief above the speculative level." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008). A complaint must also describe its claims in sufficient detail to give a defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (alteration in *Bell Atlantic*).

II.  **Analysis**

Defendants take much the same tack in their new motion to dismiss as they took in its predecessor. They argue that the latest version of the complaint fails to allege breach of fiduciary duty with sufficient specificity. This time, however, their attack fails, because there is no real uncertainty as to what Atwater alleges was done, and he alleges enough.

Before, the Court agreed with Defendants that "Atwater's bare assertion that '[t]he MCO Director Defendants, by virtue of their positions, owed [him] fiduciary duties,'" Dec. 22, 2016 Order 6, was insufficiently detailed, because "by virtue of their positions" did not explain what about those positions, or Atwater's, created the duties in question, and Defendants thus had

3

insufficient notice under Rule 8(a) of what gave rise to the duties, or what the duties were supposed to be.³ Atwater appears to have remedied this deficiency in his new pleading, but Defendants claim to detect another weakness, this time in the allegations of breach, rather than duty. (Recall that to make out a claim of breach of fiduciary duty under Illinois law, Atwater must allege "(1) a fiduciary duty on the part of the defendant[s], (2) a breach of that duty, (3) an injury, and (4) a proximate cause between the breach and the injury." *Alpha School Bus Co., Inc. v. Wagner*, 910 N.E.2d 1134, 1158 (Ill. App. Ct. 2009).)

> The allegations at issue are:
>
> 18. The MCO Director Defendants breached their fiduciary duties to Plaintiff by deviating from their usual and customary accounting practices after Plaintiff's resignation to the detriment of Plaintiff.
>
> 19. The MCO Director Defendants breached their fiduciary duties to Plaintiff by agreeing to alter compensation practices relevant to Plaintiff after Plaintiff's resignation to the detriment of Plaintiff.
>
> 20. As a direct and proximate result of the MCO Director Defendants' breach of their fiduciary obligations, the MCO Director Defendants have been unjustly enriched.
>
> 21. As a direct and proximate result of the MCO Director Defendants' breach of their fiduciary obligations, Plaintiff has been deprived of compensation to which he is entitled.

Third Am. Compl. 4–5. Defendants argue that these charges don't describe a nexus between the change in accounting practices and Defendants' failure to buy back Atwater's shares and pay him severance. *See* Mem. Supp. Mot. Dismiss 6 ("Count Two pleads nothing more than that the Physician-Defendants changed accounting and/or compensation practices, and that Plaintiff was somehow harmed as a result of the change."). Put another (simpler) way, Defendants demand more details about how they are supposed to have altered their accounting practices, or what

---

³ "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a).

those practices are supposed to have been, or something of that nature. Defendants are arguing not that Atwater has pleaded himself out of court, but that he has not pleaded enough, and thus failed to comply with the strictures of Rule 8(a)(2).

Although a claim "must contain a minimal level of factual detail . . . that level is indeed very minimal." *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 779 (7th Cir. 2007). Requiring a plaintiff to engage in detailed factual pleading interferes with the goals of a notice pleading system in at least two ways:

> First, and most importantly, the number of factual details potentially relevant to any case is astronomical, and requiring a plaintiff to plead facts that are not obviously important and easy to catalogue would result in "needless controversies" about what is required that could serve only to delay or prevent trial. Second, a plaintiff might sometimes have a right to relief without knowing every factual detail supporting its right; requiring the plaintiff to plead those unknown details before discovery would improperly deny the plaintiff the opportunity to prove its claim.

*Id.* at 779–80 (internal citations omitted). Both rationales apply here. Atwater's core claim is easily summarized—he left his job, and his former colleagues failed to pay him as they had promised to do. It is not obvious why details about this non-payment should be multiplied in the body of his pleading, particularly given that Atwater alleges omissions rather than actions. What would the parties or the Court benefit from reviewing allegations about how Defendants ordinarily conducted their business dealings, or about what specific payments they might have made to Atwater but did not, or what form those payments might have taken? And, turning to the second *Concentra* rationale, even as it is not clear what such allegations would add, it is also not clear why Atwater should be required to make such detailed assertions about material he may well seek in discovery, but not yet possess.

Defendants' lengthy argument that they cannot tell from the face of the complaint how they are "somehow" supposed to have breached their duties thus misses the point. Mem. Supp.

5

Mot. Dismiss 6. Plainly, they are supposed to have done so by not paying Atwater; the details, in the form of factual support, will come, or not, in discovery. Similarly misplaced is Defendants' apparent belief that Atwater needs to detail, or even allege, "nefarious intent or conduct." *Id.* at 7. As the Illinois Supreme Court has repeatedly explained, all that a plaintiff need allege to state a claim for breach of fiduciary duty is that "a fiduciary duty exists, that the fiduciary duty was breached, and that such breach proximately caused the injury of which the plaintiff complains." *Neade v. Portes*, 739 N.E.2d 496, 502 (Ill. 2000). The claim that Atwater's former business partners failed to pay him does not involve misrepresentation, and so does not sound in fraud, as breach of fiduciary duty claims sometimes do, and trigger the heightened pleading standards of Rule 9(b). *See Sears v. Likens*, 912 F.2d 889, 893 (7th Cir. 1990) (holding that a fraud claim must allege "the identity of the person making the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff").

## CONCLUSION

Accordingly, the motion to dismiss, ECF No. 35, is DENIED.

Entered this 15th day of August, 2017.

s/ Sara Darrow<br>
SARA DARROW<br>
UNITED STATES DISTRICT JUDGE